IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KUMAR ABHISHEK,[1]

Petitioner,

vs.

CAROLYN SOMMER in her capacity as, Acting Warden of McCook Detention Center, et al.

Respondents.

8:26-CV-166

MEMORANDUM AND ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention without a bond hearing is unlawful. Filing 1. The government asserts a hearing is not necessary, filing 5 at 10, and the Court agrees. The Court will conditionally grant the petition.

The petitioner is a citizen of India. Filing 7 at 3. As relevant, in May 2022, he entered the United States near Lukeville, Arizona, and was apparently detained. *See* filing 7 at 3. He was issued a Notice to Appear on June 1 and released on Alternatives to Detention on June 2.[2] Filing 7 at 3;

---

[1] The petitioner's name is "Kumar Abhishek" in the caption of his petition, but "Abhishek Kumar" elsewhere in the petition and the record. The latter seems more likely to be correct, but for the sake of consistency the Court will keep the caption as is.

[2] "Alternatives to Detention" was an ICE program that used electronic monitoring and other technologies to ensure compliance with release conditions. *See generally* Department of Homeland Security, *DHS/ICE/PIA-062 Alternatives to Detention (ATD) Program*, https://perma.cc/9XZF-QRMS (last updated August 24, 2023); U.S. Immigration and Customs Enforcement, *Alternatives to Detention*, https://perma.cc/NFA5-RR7Z (last updated January 7, 2026); Audrey Singer, Cong. Rsch. Serv., R45804, *Immigration: Alternatives to Detention (ATD) Programs* (2019).

filing 7-1. He was terminated from Alternatives to Detention on June 16. Filing 7 at 4.[3] He applied for asylum, obtained employment authorization and got a job as a truck driver. Filing 7 at 4; filing 1 at 2. He was encountered by the Iowa Department of Transportation on February 11, 2026 at a weigh station near Mitchellville, Iowa and detained by ICE. Filing 7 at 4. His request for a bond hearing was denied. Filing 7 at 4.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1.  The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

---

[3] The record does not expressly state the reason for the petitioner's termination from the program, but participation in the program may be ended for reasons unfavorable to the participant (such as noncompliance with conditions or removal from the United States) or favorable reasons (such as temporary or permanent relief from removal, or reconsideration of release conditions). *See generally* Singer, *supra*, at 8; Department of Homeland Security, *Privacy Impact Assessment for the Alternatives to Detention (ATD) Program*, DHS Ref. No. DHS/ICE/PIA-062 (Mar. 17, 2023). In the absence of any indication that the petitioner violated the conditions of his release, and the petitioner's continued participation in various immigration proceedings, *see* filing 7 at 3-4, the Court infers from the record that the petitioner was terminated from the ATD program because it was unnecessary.

2.    The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before May 6, 2026**.

3.    If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.    **On or before May 8, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 29th day of April, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge

3